UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RYAN D. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:11-CV-571 |
| ) | (VARLAN/SHIRLEY) |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition of Plaintiff Hall's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Doc. 19]. The Plaintiff requests that the Court enter an Order awarding attorney fees in the amount of $4,510.75 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1). The Commissioner filed an objection [Doc. 22] to the Plaintiff's request for attorney fees, to which the Plaintiff responded [Doc. 23].

**I.    BACKGROUND**

On December 11, 2012, this Court entered a Report and Recommendation [Doc. 17], recommending that the Plaintiff's case be remanded. Specifically, the Court found that there was a substantial question with regard to whether the Plaintiff met Medical Listing 12.05C and that the ALJ erred by rejecting the Plaintiff's IQ score contained in the Psychoeducational Evaluation

1

performed by the Cocke County School System.

On January 23, 2013, United States Chief District Judge Thomas A. Varlan entered an Order [Doc. 18] granting the Plaintiff's Motion for Summary Judgment and remanding the case to the Commissioner for the reasons explained in the Report and Recommendation. This Order was entered as a Judgment by the Clerk of Court on the same date.

## II. POSITIONS OF THE PARTIES

The Commissioner objects [Doc. 22] to the Plaintiff's request for attorney fees because she asserts that her position was substantially justified. In addition, she argues that even if the Plaintiff is entitled to fees under EAJA, the fees are payable to the Plaintiff, not to the Plaintiff's attorney. She adds that the Plaintiff's assignment of attorney fees to his counsel violates the Anti-Assignment Act.

The Plaintiff responds [Doc. 23] that the Commissioner's position was not substantially justified. In addition, Plaintiff's counsel contends that an EAJA award should be made payable to him, not to the Plaintiff, after the absence of federal debt is verified. Finally, counsel concedes that the fee assignment violates the Anti-Assignment Act but argues strict compliance is impossible in the context of an EAJA petition.

## III. ANALYSIS

Now before the Court is the Plaintiff's request for attorney's fees under the EAJA. Four conditions must be met before fees will be awarded under the EAJA:

    1. Plaintiff must be a prevailing party;

    2. The Commissioner's position must be without substantial justification;

2

> 3. No special circumstances warranting denial of fees may exist;
> and
>
> 4. The application for attorney fees must be filed within 30 days of
> the final judgment in the action.

See 28 U.S.C. § 2412(d)(1). The Court will first address whether all four conditions are met for an EAJA award, and then analyze whether the EAJA award is payable directly to the Plaintiff's counsel.

### A. Plaintiff is the Prevailing Party

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991).

Thus, the Court finds the first condition for granting fees under the EAJA has been met.

### B. The Commissioner's Position Was Without Substantial Justification

As mentioned above, the Commissioner asserts that her position was substantially justified. She asserts that in the Report and Recommendation the undersigned noted in length that the Plaintiff failed to raise the issue of whether he met Medical Listing 12.05C at the hearing. The Commissioner contends that the ALJ thoroughly addressed the Plaintiff's physical impairments, and it was reasonable for the Commissioner to defend the ALJ's decision.

The Plaintiff responds that his mental impairments were properly presented in a pre-hearing memorandum and that the ALJ was not substantially justified in his treatment of Listing 12.05C evidence.

To satisfy the "substantial justification" requirement the Commissioner's position must be justified, "both in fact and in law, to a degree that could satisfy a reasonable person."

3

Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). Even if the Court finds that the Commissioner's position was unsupported by substantial evidence, this "does not foreclose the possibility that the position was substantially justified." Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004).

The Court finds that the Commissioner's position was not substantially justified for several reasons. While the Plaintiff did not present testimony at the hearing before the ALJ regarding his mental impairments, the Court noted that the Plaintiff presented his mental impairments in a pre-hearing memorandum. More importantly, the Commissioner's motion and memorandum for summary judgment failed to argue that the Plaintiff waived the issue and proceeded to argue the merits of the case.

In addition, the Commissioner argued that the ALJ sufficiently showed that he had considered Medical Listing 12.05C when the ALJ stated, "[T]he Plaintiff did not have an impairment or combination of impairments that met or equaled a listing impairment." [Doc. 15 at 6] (citing Tr. 14). However, this conclusory statement is not sufficient and does not show that the ALJ considered Medical Listing 12.05C. Furthermore, the Plaintiff's verbal IQ score of 69 and the ALJ's conclusion that the Plaintiff had severe impairments demonstrated that the Plaintiff at least met two of the criteria for Listing 12.05C.

Finally, in the Commissioner's present motion, she asserts that the "lack of a specific consideration of Listing 12.05C may not warrant remand if the ALJ found that one of the necessary criteria for the Listing was missing." [Doc. 11 at 4]. However, the ALJ's conclusion that that the Plaintiff's IQ scores were invalid was made in error. The ALJ rejected the IQ scores without any analysis, and he concluded that that the scores were invalid when the evaluation examiner made no such determination. See Courter v. Comm'r of Soc. Sec., No 10-6119, 2012

4

WL 1592750, at *8 (6th Cir. May 7, 2012) (requiring the ALJ to analyze non-medical evidence).

Thus, the Court finds that the second condition for granting fees under the EAJA has been met.

C.     **There are No Special Circumstances Affecting an Award of Attorney's Fees**

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney fees unjust.

Thus, the Court finds that the third condition for granting fees under the EAJA has been met.

D.     **The Plaintiff's Request for an Award of Fees is Timely**

On February 22, 2013, the Plaintiff moved for a total fee amount of $4,510.75.[1] [Doc. 19]. This motion was filed within 30 days of the final judgment in this matter, and therefore, was timely.

Thus, the Court finds that the fourth condition for granting fees under the EAJA has been met.

E.     **Calculation of Fee Award**

The Plaintiff asserts that the requested fees are reasonable. The Commissioner has presented no opposition to whether the Plaintiff's request for attorney fees is reasonable. Upon review, however, the Court finds that the Plaintiff failed to produce the appropriate evidence supporting the requested fee rate increase.

Under the EAJA, the amount of fees awarded

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not

---

[1] The total fee amount represents Plaintiff's claim for 23.3 attorney hours at $177.50 per hour, and 7.5 paralegal hours at $50.00 per hour. [Doc. 20 at 4-7].

> be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). "In requesting an increase in the hourly-fee rate, [p]laintiffs bear the burden of producing appropriate evidence to support the requested increase." Bryant v. Comm'r of Soc. Sec., 578 F.3d 443, 450 (6th Cir. 2009). In order to prove an award in excess of $125 per hour, plaintiffs must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984)). The Department of Labor's Consumer Price Index, alone, is not sufficient to support an increase in fees. Id.

In support of his motion, the Plaintiff provides a Consumer Price Index-guided calculus of the appropriate amount of increase, and he has filed an affidavit detailing the educational background and work experience of counsel [Docs. 20, 21-1]. In addition, the Plaintiff has submitted an affidavit detailing the hours spent working on the case. [Doc. 20 at 4-7]. The problem is that the Plaintiff has not presented any evidence that the requested rates are comparable to those prevailing in his community for attorneys providing similar services. Accordingly, the Plaintiff has failed to meet his burden of producing evidence to support the requested fee. See Cummings v. Astrue, 3:11-cv-614 [Doc. 27] (Judge Varlan) (finding that plaintiff presents no evidence that the requested rates are more comparable to those prevailing in his community for similar services and that CPI figures alone are not sufficient) (citing Bryant, 578 F.3d at 450).

Accordingly, the Court finds the 23.3 hours of attorney time is reasonable, but the fee award should be calculated as follows: 23.3 hours of attorney time, at the statutory at of $125.00,

6

plus 7.5 hours of paralegal time at $50 per hour, for a total of $3,287.50. See Branson v. Astrue, No. 3:07-cv-041, 2008 WL 249811, at *2 (E.D. Tenn. June 17, 2008) (setting the paralegal's rate at $50 per hour).

Finally, Plaintiff's counsel requests that he be allowed to submit an amended EAJA petition to account for any additional time spent preparing his reply to the Commissioner's responsive brief. Plaintiff filed a reply in this case but did not submit information with regard to additional time expenditures. Therefore, the Court denies his request.

F.  **EAJA Fees**

Citing the Supreme Court's decision in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the Commissioner argues that attorney fees awarded under the EAJA are payable only to the Plaintiff. [Doc. 22 at 5]. The Plaintiff responds that after the absence of federal debt is verified, the EAJA award should be made payable to the Plaintiff's counsel, not to the Plaintiff. [Doc. 23 at 5].

In Astrue v. Ratliff, the Supreme Court held that the definition of "prevailing party" in the EAJA means the actual litigant and not the attorney. 130 S. Ct. 2521, 2527 (2010). In Ratliff, the claimant prevailed on a claim for benefits against the United States. Id. at 2524. Before the United States paid the EAJA award, it discovered that the claimant owed the Government a debt that predated the District Court's approval of the award. Id. The United States sought an administrative offset against the fees award to satisfy the debt. Id. The Government, relying on the Treasury Offset Program, notified the claimant that it would apply her § 2412(d) fees award to offset a portion of her outstanding federal debt. Id. at 2525. The claimant's attorney intervened arguing that the fees belong to a litigant's attorney and thus may not be used to offset or

7

otherwise satisfy a litigant's federal debts. Id. at 2528.

The Supreme Court held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Id. at 2524. The Court noted that "[t]he fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest of a contractual right does not establish that the statute 'awards' the fees directly to the attorney." Id. at 2526. The Court also recognized that the "Government's history of paying EAJA awards directly to the attorney in certain cases does not compel a different conclusion." Id. at 2528.

Other circuits have followed suit. Cruz v. Comm'r of Soc. Sec., 437 F. App'x 67, 69 (3d Cir. 2011) (calling the plaintiff's attorney's argument that fees should be given directly to the attorney meritless in light of Ratliff); Jackson v. Astrue, 705 F.3d 527, 531 n.11 (5th Cir. 2013) (stating that "[b]ecause the government pays EAJA fees directly to the litigant, the fees are also subject to an offset to satisfy any pre-existing debt that the litigant owes to the federal government"); but see Mathews-Sheets v. Astrue, 653 F.3d 560, 565 (7th Cir. 2011) ("[I]f there is an assignment, the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer. There is no indication of that in this case, so to ignore the assignment and order the fee paid to her would just create a potential collection problem for the lawyer.").

Furthermore, United States Magistrate Judge Susan Lee of the Eastern District of Tennessee recently stated that EAJA fees belong to the plaintiff. See Sisk v. Comm'r of Soc. Sec., No. 1:09-cv-220, 2011 WL 796780, at *1 (E.D. Tenn. Feb. 8, 2011) (stating that "[a]lthough it appears that [p]laintiff has assigned her right to any fee award to her attorneys, the fee award is payable directly to [p]laintiff") adopted by 2011 WL 796756, at *1 (E.D. Tenn. Feb.

28, 2011); see also Vanderlaan v. Comm'r of Soc. Sec., No. 1:10-cv-858, 2011 WL 4479453, at *2 (W.D. Mich. Sept. 8, 2011) ("Simply stated, the Supreme Court has held that payment of EAJA fees must be made to the party, not her attorney, and the Court declines to disregard such clear and controlling direction.").

In the present matter, the Plaintiff and his counsel have executed a fee contract. [Doc. 21-2]. However, the Court is unaware if the Plaintiff owes the Government a pre-existing debt. The Government, not the Court, determines whether such debt is owed. In light of the Supreme Court's ruling in Ratliff, and the other courts' well-reasoned opinions, the Court finds that the EAJA award shall be paid directly to the Plaintiff and not to the Plaintiff's counsel.

The Commissioner also asserts that the Plaintiff's fee assignment violates the Anti-Assignment Act. The Plaintiff admits that the agreement in the contract of representation is "technically in violation of the Anti-Assignment Act." [Doc. 23 at 5]. However, he asserts that strict compliance with the Act would be impossible in the context of a petition for EAJA fees because the Act requires the amount of the claim to be known prior to the assessment.

The Anti-Assignment Act prohibits the assignment or transfer of claims against the United States. 31 U.S.C. § 3727. Along with other procedural requirements, § 3727(b) states, "An assignment may be made only after a claim is allowed, the amount is decided, and a warrant for payment of the claim has been issued." Although the Sixth Circuit has not directly addressed the present issue, the court has noted, "[The AAA] serves as a defense that the Government can raise against a claim and not . . . an *ex ante* bar to forming a contingency-fee agreement." Turner v. Comm'r of Soc. Sec., 680 F.3d 721, 725 (6th Cir. 2012) (brackets in original) (quoting Murkeldove v. Astrue, 635 F.3d 784, 794 (5th Cir. 2011)). The Court agrees that the Anti-Assignment Act is not a bar precluding all contingency-fee agreements, but it does serve as a

9

defense against such an agreement. It appears from the Commissioner's objection that she is asserting the Anti-Assignment Act as a defense, and therefore, the Court is compelled to conclude that the Plaintiff's fee assignment violates the Anti-Assignment Act because it was made before the claim was allowed, when the amount was still in question, and before payment had been issued. Although the Plaintiff argues strict compliance is impossible in context of an EAJA petition, as explained above, any fees awarded pursuant to an EAJA petition goes to the Plaintiff, not counsel.

IV.   CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's motion is well-taken. It is hereby **RECOMMENDED**[2] that Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412(d) **[Doc. 19]** be **GRANTED in part**, and a judgment awarding Plaintiff the amount of $3,287.50 for attorney fees be entered. The Court also **RECOMMENDS** that the EAJA fees are properly awarded to the Plaintiff.

                                                       Respectfully submitted,

                                                       s/ C. Clifford Shirley, Jr.
                                                     United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).