UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RYAN D. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:11-CV-571 |
| ) | (VARLAN/SHIRLEY) |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and by Order of the District Court [Doc. 29] for a report and recommendation regarding disposition of Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 26]. The Plaintiff seeks a fee award in the amount of $24,616.23. [Id.].

I. BACKGROUND

On December 11, 2012, this Court entered a Report and Recommendation [Doc. 17], recommending that the Plaintiff's case be remanded. Specifically, the Court found that there was a substantial question in regard to whether Plaintiff met Medical Listing 12.05C. [Id.]. On January 23, 2013, United States Chief District Judge Thomas A. Varlan entered an Order granting the Plaintiff's Motion for Judgment on the Pleadings and remanding the case to the Commissioner for the reasons explained in the Report and Recommendation. [Doc. 18].

On February 22, 2013, Plaintiff filed a Motion for Attorney Fees Under the Equal Justice Act [Doc. 19] requesting $4,510.75 for 23.3 attorney hours at $177.50 per hour and 7.5

1

paralegal hours at $50.00 per hour.  [See Doc. 20].  This Court found that Plaintiff failed to meet his burden of proving that the requested rate of $177.00 was comparable to rates prevailing in his community and recommended an hourly rate to $125.00 per hour, resulting in an award of EAJA fees in the amount of $3,287.50.  [Doc 24].  The District Court adopted the recommendation and ordered an award of $3,287.50 on October 17, 2013.  [Doc. 25].

## II.     POSITIONS OF THE PARTIES

Plaintiff's counsel requests approval to charge attorney fees pursuant to 42 U.S.C. § 406(b) based on his contingency fee contract with Plaintiff.  [Doc. 26].  Plaintiff's counsel asserts that Plaintiff was awarded "nearly $100,000" for past-due Social Security benefits and that the Commissioner withheld 25% of that fee, totaling $24,616.23, to pay attorney's fees. [Doc. 27].  Plaintiff's counsel claims he is entitled to the full amount of $24,616.23 pursuant to the contract between himself and Plaintiff which calls for a contingent fee of twenty-five percent of past due benefits.  [Id.].  Plaintiff's counsel argues that this amount is reasonable and must be upheld pursuant to Gisbrecht v. Barhhart, 535 U.S. 789 (2002).  [Id.].  The Commissioner objects to the Plaintiff's request for attorney fees alleging that the amount requested is unreasonable and would constitute a windfall.  [Doc. 28].

## III.    ANALYSIS

Now before the Court is a request from Plaintiff's counsel for attorney's fees pursuant to 42 U.S.C. § 406(b).  Three conditions must be met before fees will be awarded:

 1. The Court must have rendered a judgment favorable to the Plaintiff;

 2. The Plaintiff must have been represented by counsel; and

 3. The Court must find that the fee is reasonable and not in excess

 of twenty-five (25) percent of the total past due benefits to which

2

Plaintiff is entitled.

See 42 U.S.C. § 406(b)(1)(A). The Court will first address whether all three conditions are met for an award of attorney's fees under section 406(b).

## A. The Plaintiff has received a favorable judgment

In this case, the Plaintiff "obtained a 'sentence four' remand, which, for purposes of section 406(b), may be considered a 'favorable judgment.'" Justus v. Colvin, No. 3:11-CV-148-PLR-CCS, 2014 WL 3051384, at *2 (E.D. Tenn. July 3, 2014) (internal citations omitted) (quoting Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006)).

Thus, the Court finds that the first condition for granting attorney's fees under section 406(b) has been met.

## B. The Plaintiff was represented by counsel

In support of his motion for attorney's fees, Plaintiff's counsel attached a signed agreement between counsel and his client which provides for a contingent fee in the amount of twenty-five percent of the past-due benefits received by the Plaintiff as payment for counsel's representation. [Doc. 27-1].

Accordingly, the Court finds that the Plaintiff was represented by counsel for this claim.

## C. The requested fee amount is unreasonable

Counsel for Plaintiff submits that a fee request of twenty-five percent of the past-due benefits awarded to the Plaintiff is reasonable because the twenty-five percent cap has been upheld by case law and is consistent with the agreement between counsel and his client. [Doc. 27]. The Commissioner disagrees, arguing that the fee requested is exorbitant based on the amount of hours worked and would constitute a windfall. [Doc. 28]. The Court concurs.

Even with an unopposed motion for attorney's fees, courts must still determine whether

3

the requested fee is reasonable. Gisbrecht, 535 U.S. at 807. The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 419 (6th Cir. 1990) (citing Rodriquez, 865 F.2d at 746).

The Sixth Circuit "provides a floor" for determining the reasonableness of requested attorney fees. Hayes, 923 F.2d at 422. Where the amount requested divided by the numbers of hours expended is less than twice the standard rate for such work in the relevant market, "a district court has no basis for questioning . . . the reasonableness of the fee." Id. The Hayes court explained:

> [A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable. If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would 'enjoy a windfall because of . . . minimal effort expended.'

Id. (quoting Rodriquez, 865 F.2d at 746. )

Here, Plaintiff requests an award of fees in the amount of $24,616.23 for 23.3 attorney hours and 7.5 paralegal hours expended in this matter. [Doc. 27]. In support of his motion, Plaintiff's counsel provided a copy of the fee contract signed by Plaintiff setting forth a

4

contingency fee of twenty-five percent [Doc. 27-1]. The Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. Commissioner's only objection to Plaintiff's request for attorney fees is that the amount requested is unreasonable. [See Doc. 28]. Because the fees requested exceed the threshold set forth in Hayes, this Court shall consider arguments attempting to rebut the presumption of reasonableness of the attorney fees. See 923 F.2d at 422.

The Commissioner argues that the standard rate for attorney hours in this market is $200.00 per hour and $50.00 per hour for paralegal work. [Doc. 28 at 4-5]. In Plaintiff's application for EAJA fees, he asserted a rate of $177.50 for attorney hours and $50.00 per hour for paralegal time. [See Doc. 20 at 7]. Therefore, the Court finds that Plaintiff would have no objection to the market rate proposed by the Commissioner. Further, courts in this district have previously adopted the same attorney hourly rate and this Court will follow suit. See Brooks v. Astrue, No. 3:06-CV-469, 2010 WL 935705, at *3 (E.D. Tenn. Jan. 13, 2010) (internal citations omitted) ("the Court will apply $200 per hour as the standard rate of compensation for its calculations under § 406(b)."); Teffeteller v. Astrue, No. 3:07-CV-360, 2010 WL 2010842, at *4 (E.D. Tenn. Apr. 9, 2010) (internal citations omitted).

The Court finds that Plaintiff's request for an award of $24,616.23, which is effectively an hourly rate of $799.00 for a total of 30.8 hours of work, constitutes a windfall as a matter of law. See Lasley v. Comm'r of Soc. Sec., 771 F.3d 308, 310 (6th Cir. 2014) (affirming the district court's reduction of attorney fees because the "effective hourly rate of $733.80 ($26,049.73 ÷ 35.5 hours) grossly exceeded—indeed, more than quadrupled—the standard rates"); Brooks, 2010 WL 935705, at *4 (finding the requested fee unreasonable because it "would compensate Plaintiff's counsel at a rate of $711.74 per hour, or more than three times the *current* standard

5

rate for such work in this district.") (emphasis in the original); <u>Ball v. Comm'r of Soc. Sec.</u>, No. 1:09-CV-684, 2013 WL 1615531, at *4 (S.D. Ohio Apr. 15, 2013) (internal citations omitted) (finding that "the claimed fee of $11,538.00 for 16 hours resulting in a hypothetical fee of $721.13 per hour would amount to a windfall.").

The Court considers the factors set forth in <u>Hayes</u> and finds them unpersuasive of reasonableness. Specifically, Plaintiff's counsel concedes that twenty-five percent of the time billed constitutes paralegal work. [<u>See</u> Doc. 27]. Further, Plaintiff's counsel failed to provide any evidence that this case was substantially more difficult or time consuming than any other Social Security matter. The Court notes that counsel only required 15 hours to research and draft Plaintiff's Motion for Judgment on the Pleadings and Memorandum in Support and only 7 hours to draft a reply to the Commissioner's Motion for Summary Judgment. [Doc. 20 at 4]. Upon review of Plaintiff's Memorandum [Doc. 13], the Court finds no novel issues or complicated matters of law.

The Court appreciates the nature of contingency contracts and the risk absorbed by attorneys in these matters. <u>See</u> <u>Royzer v. Sec'y of Health & Human Servs.</u>, 900 F.2d 981, 982 (6th Cir. 1990) (In considering contingency agreements, "we cannot ignore the fact that the attorney will not prevail every time . . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast."). The Court is further inclined to honor the contract willingly entered into by Plaintiff and his attorney without consideration of the hours expended. Both parties shared a risk in entering into a contingency agreement, namely that counsel would work for free or Plaintiff would pay a higher fee. However, in Social Security cases, the Court may not rest on the laurels of the parties' contract but instead is obligated to review an award of attorney fees for reasonableness. <u>See</u> <u>id.</u> Congress has placed

6

the responsibility for ensuring the reasonableness of attorney fees squarely on the shoulders of the federal judiciary, and the Sixth Circuit has made clear that it is not "per se improper for a district judge to reduce a contingent fee to an hourly rate and view the computed hourly rate as *part* of the calculus in arriving at an appropriate fee." Id. (emphasis in the original).

Accordingly, the Court finds that an award of $24,616.23, equaling an hourly rate of $799.00 for a total of 30.8 hours of work, is unreasonable as it effectively quadruples the standard market rate. Such an award would constitute a windfall. The Court arrives at this decision based on the percentage of paralegal and clerical hours included in Plaintiff's Motion, [see Docs. 20 &27], and the lack of any evidence demonstrating that this case was especially novel, complex, or difficult. However, the Court finds that some increase is appropriate based on the parties' contingency agreement and recommends a rate of $400.00 for 23.3 attorney hours and $100.00 for 7.5 paralegal hours. Based on these rates, the Court recommends an award of $10,070.00.

The Court notes that when attorney's fees are awarded for the same work under both the EAJA and section 406(b), the attorney is required to refund the smaller of the two fees to the claimant. Jankovich v. Bowen, 868 F.2d 867, 871 n.1 (6th Cir. 1989). In this case, as previously mentioned, the Plaintiff has already obtained an EAJA award in the amount of $3,287.50, which would be the smaller of the two awards. [See. Doc. 25].

## IV. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's Motion is well-taken. It is hereby **RECOMMENDED**[1] that the Plaintiff's Motion for Attorney's Fees Pursuant to 42

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order.

7

U.S.C. § 406(b) [**Doc. 26**] be **GRANTED, in part**.

The undersigned **RECOMMENDS** the following:

(1) Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) **[Doc. 26]** should be **GRANTED, in part**;

(2) The District Court should order the Commissioner to pay Attorney R. Scott Wilson the reduced amount of **$10,070.00** from funds withheld from Plaintiff's benefit award in this case; and

(3) The District Court should order Attorney Wilson, upon receipt of his fee of $10,070.00, to remit to Plaintiff the $3,287.50 award he previously received from the Commissioner pursuant to EAJA, 28 U.S.C. § 2142(d) and the Court's Order [Doc. 25] of October 17, 2013.

Respectfully submitted,

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).