# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

RYAN D. HALL,                      )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        No.:  3:11-CV-571-TAV-CCS
                                   )
CAROLYN W. COLVIN,                 )
Commissioner of Social Security,   )
                                   )
        Defendant.                 )

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Report and Recommendation of

Magistrate Judge C. Clifford Shirley, Jr., entered on January 12, 2015 [Doc. 30] (the

"R&R"), which addresses plaintiff's motion for attorney's fees pursuant to 42 U.S.C. §

406(b).[1]  After consideration of plaintiff's request, Magistrate Judge Shirley recommends

that the Court grant in part and deny in part plaintiff's motion for attorney's fees.

Plaintiff filed an objection to the R&R [Doc. 31], defendant responded [Doc. 32], and

plaintiff replied [Doc. 33].

## I.     Standard of Review

A court must conduct a *de novo* review of those portions of a magistrate judge's

report and recommendation to which a party objects unless the objections are frivolous,

---

[1] Defendant notes in his response to plaintiff's motion for attorney's fees that his records show that the past due benefit amount was $98,820.90, which based on the twenty-five-percent contingency agreement, would result in an award of $24,705.50 [Doc. 28 p. 2 n.1].  However, plaintiff—both before and after defendant noted this discrepancy—has requested $24,616.23 as an award for attorney's fees [Doc. 28 p. 2 n.1; Doc. 31 p. 1].  The Court will therefore consider plaintiff as requesting $24,616.23 because plaintiff has been consistent in that request.

conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 516, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## II. Analysis[2]

Plaintiff asserts three objections: (1) that the R&R is contrary to a significant line of post-*Gibrecht* cases upholding the "primacy of lawful attorney-client agreements"; (2) that the R&R unreasonably imposed a twenty-year-old market hourly rate; and (3) that Magistrate Judge Shirley incorrectly used the *Hayes* analysis as a ceiling rather than a floor.

Regarding plaintiff's first objection, plaintiff argues that the R&R is contrary to a significant line of post-*Gisbrecht* cases upholding the "primacy of lawful attorney-client fee agreements" [Doc. 31 pp. 2–3]. Instead of ruling in line with those cases, plaintiff contends Magistrate Judge Shirley employed the lodestar method of multiplying the number of hours by a reasonable hourly rate [*Id.*]. In response, defendant asserts that Magistrate Judge Shirley appreciated the nature of contingency contracts, but still had to

---

[2] The Court presumes familiarity with this action and the R&R issued in this case [Doc. 30].

2

consider the reasonableness of the fee yielded by the contract and correctly came to the conclusion that the fee was unreasonable [Doc. 32 p. 2].

The Supreme Court held that 42 U.S.C. § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In so holding, the Supreme Court precluded evaluating § 406(b) fee petitions under the "lodestar" method whereby the number of hours reasonably devoted to each case is multiplied by a reasonable hourly fee. *See id.* at 799–806. Yet, the Court did not conclude that all contingent fee agreements should be enforced. Instead, the district courts must act as an "independent check" on contingent fee arrangements to ensure that they satisfy the statutory requirement of yielding a "reasonable" result in particular cases. *See id.* at 807.

The Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption" of reasonableness. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). Where neither of these

3

circumstances applies, "an agreement for a [twenty-five-percent] fee . . . is presumed reasonable." *Id.* at 421.

Here, the Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of plaintiff's counsel. In finding the requested fee unreasonable, Magistrate Judge Shirley hinged on the second way the presumption can be overcome, that is that plaintiff's attorney would enjoy an undeserved windfall if the contingency fee agreement is approved. In determining whether an attorney would enjoy an undeserved windfall, a court should consider "what proportion of hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case." *Id.* at 422.

While Magistrate Judge Shirley was correct to engage in an analysis determining the reasonableness of the fee, and while the Court recognizes the Commissioner's arguments concerning the resulting fee, ultimately the Court disagrees that a twenty-five-percent contingency agreement resulting in a de facto $799.23 hourly rate "constitutes a windfall as a matter of law" [Doc. 30 p. 5]. As a basis, the Court notes that within this district, there are several cases upholding the primacy of contingent fee agreements even when the agreements were for twenty-five-percent contingency fees and yielded de facto hourly rates similar to the one in the instant case. Specifically, in *Teffeteller v. Astrue*, No. 3:07-CV-360, 2010 WL 2010842 (E.D. Tenn. Apr. 9, 2010), an R&R issued—which this Court accepted—recommending that the Court approve a twenty-five-percent contingent fee resulting in an effective hourly rate of $722.85. The Court also notes that

4

the Commissioner made many of the same arguments in the instant case that she made in *Teffeteller*.

One potential reason for the disparity could be that, here, Magistrate Judge Shirley and the Commissioner relied on a Sixth Circuit case, *Lasley v. Commissioner of Social Security*, 771 F.3d 308, 310 (6th Cir. 2014)—which was decided after *Teffeteller*—where the Sixth Circuit affirmed a district court's reduction of attorney fees when the original twenty-five-percent contingency fee agreement resulted in an effective hourly rate of $733. But, *Lasley* is distinguishable. In *Lasley*, the Sixth Circuit considered the counsel's delay in filing the § 406(b) motion and counsel's failure to present evidence of a contrary standard rate in coming to the conclusion that the fee reduction was appropriate. *Id.* Conversely, in this case, there is no evidence that counsel was the source of any delay and counsel did provide evidence of a contrary standard rate [Doc. 30 p. 5; Doc. 31 pp. 6–8]. Additionally, even after the decision in *Lasley*, this district has approved a twenty-five-percent contingency fee awarding an effective hourly rate of $875, which exceeds the rate at issue in this case. *Johnson v. Colvin*, No. 1:12-CV-66, 2015 WL 412611, at *1–3 (E.D. Tenn. Jan. 30, 2015) (noting that this amount is "not inordinately large" compared to other awards cited) (citations omitted).

Both the Commissioner and Magistrate Judge Shirley also relied on *Brooks v. Astrue*, No. 3:06-CV-469, 2010 WL 93705 (E.D. Tenn. Jan. 13, 2010), but, again, the Court finds this case distinguishable. In *Brooks*, the plaintiff requested a $20,000 fee for 42.1 hours of work, resulting in a rate of $475.06 per hour. *Id.* at *3. There was a

5

dispute regarding the number of hours plaintiff's counsel should have been accredited with, so, the Court credited counsel with only 28.1 hours, resulting in an hourly rate of $711.74. *Id.* at *3–4. The R&R in *Brooks*, which was accepted by the Court without objection by the parties, analyzed the reasonableness of the $711.74 hourly rate and found the rate unreasonable. *Id.* at *4. While not discussed in the R&R, the Court finds that because the plaintiff's attorney in *Brooks* valued her work at only a $475.06 hourly rate, an hourly fee of $711.74 would be unreasonable in that circumstance. Conversely, in the instant case, plaintiff's counsel actually values his work at $799.23 per hour and consequently the reasonableness analysis should be different from the one in *Brooks*.

In the instant case, there has been no allegation of impropriety on the part of plaintiff's attorney and he achieved a favorable result for plaintiff in the form of nearly $100,000 in past-due benefits, plus potential future benefits if his disabilities leave him unable to work until retirement age [Docs. 27-2, 27-3, 27-4, 27-5]. Other courts have considered future benefits when determining the reasonableness of a requested fee. *See Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (finding requested fee reasonable, in part, because the statute "allows no recovery from future benefits, which may far exceed the past-due benefits awarded"). Additionally, plaintiff's counsel represented plaintiff for an extended period of time before this Court. *See Johnson*, 2015 WL 412611, at *2 (finding requested fee reasonable, in part, because of the time counsel spent representing the plaintiff); *see also Teffeteller*, 2010 WL 2010842, at *1–4 (examining the length of representation). Accordingly, the Court is not persuaded by the Commissioner's

6

argument that the degree of difficulty in this case was so low that the payment to plaintiff's counsel of the contingent fee to which he is entitled under his control with plaintiff will result in an undeserved windfall.

Furthermore, the Court notes that other districts have approved contingency fees resulting in effective hourly rates comparable to the rate of $799 per hour requested here. *See, e.g.*, *Scappino v. Comm'r of Soc. Sec. Admin.*, No. 1:12-cv-2015, 2015 WL 7756155, at *2–4 (N.D. Ohio Dec. 1, 2015) (approving a 25% contingent fee resulting in an effective hourly wage of $745.86); *Weems v. Comm'r of Soc. Sec. Admin.*, No. SAG-12-2993, 2015 WL 3464130, at *1 (D. Md. May 29, 2015) (approving a 25% contingency fee resulting in an effective hourly rate of $944); *Whitehead v. Barnhart*, No. 1:04-1236-T, 2006 WL 681168, at *2–6 (W.D. Tenn. Mar. 14, 2006) (approving a 25% contingency fee resulting in an effective hourly rate of $982); *Droke v. Barnhart*, No. 02-1284-T/AN, 2005 WL 2174397, at *1–2 (W.D. Tenn. Sept. 6, 2005) (approving a 25% contingency fee resulting in an effective hourly rate of $830); *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (approving a 25% contingency fee resulting in an effective hourly rate of $891); *Mudd v. Barnhart*, No. Civ. 6:02-CV-00032, 2003 WL 23654009, at *3 (W.D. Va. Nov. 17, 2003), *aff'd* 418 F.3d 424 (4th Cir. 2005) (approving 25% contingency fee resulting an effective hourly rate of $736).

The Commissioner further argues that awarding the contingency fee would constitute a windfall because 7.5 of the 30.8 hours plaintiff's attorney accounts for actually consist of paralegal work. *See Hayes*, 923 F.2d at 422 (proportion of hours for

attorney time as opposed to paralegal time may be considered when determining reasonableness of fee). Since *Gisbrecht*, however, courts have upheld attorney-client fee agreements where the percentage of paralegal hours was similar, and some much greater, to the percentage of paralegal hours in this case. *See, e.g., Crawford*, 586 F.3d at 1145–46 (approving two separate contingency fees with eighteen-percent and twenty-one-percent paralegal hours); *Rodenas v. Colvin*, No. CV 11-8289-SP, 2013 WL 1855837, at *4–5 (C.D. Cal. April 30, 2013) (approving a contingency fee with eighty-one-percent law clerk and paralegal hours); *Dubsky v. Astrue*, No. 4:08CV3057, 2010 WL 1780009, at *2 (D. Neb. Apr. 30, 2010) (approving a contingency fee with seventy-seven-percent paralegal and law clerk hours); *Santino v. Astrue*, No. 2:06-CV-75-PRC, 2009 WL 1076143, at *4–5 (N.D. Ind. Apr. 20, 2009) (approving a contingency fee with eighty-percent law clerk and paralegal hours); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1364–67 (N.D. Ga. 2005) (approving a contingency fee with seventy-five-percent paralegal hours). Consequently, the Court finds that the twenty-five-percent paralegal hours in this case do not render the contingent fee unreasonable.

Based on the line of cases in this district emphasizing the primacy of lawful attorney-client agreements, and upon review of the record in this case, the Court finds that the contingency fee in this case is reasonable. The Court, therefore, **SUSTAINS** plaintiff's objection.[3]

---

[3] In light of the Court's decision to sustain the objection on the primacy of lawful attorney-client agreements, the Court need not address plaintiff's remaining objections.

8

The Court notes that when attorney's fees are awarded for the same work under both the EAJA and § 406(b), the attorney is required to refund the smaller of the two fees to the claimant. *Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989). In this case, Plaintiff has already obtained an EAJA award in the amount of $3,287.50, which would be the smaller of the two awards [Doc. 25].

## III.    Conclusion

After reviewing the record in this case, including the R&R and the underlying briefs, as well as the relevant law, plaintiff's objections to the R&R, and the response to plaintiff's objections, the Court disagrees with the magistrate judge's recommendation concerning plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b), as set forth herein.  The Court hereby **GRANTS in part** and **REJECTS in part** the R&R [Doc. 30] and **GRANTS** Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 26].  Plaintiff is **AWARDED** $24,616.23 in attorney's fees.  Upon receipt of his fee of $24,616.23, plaintiff's counsel must remit to plaintiff the $3,287.50 award he previously received from the Commissioner pursuant to EAJA, 28 U.S.C. § 2142(d) and the Court's order [Doc. 25] of October 17, 2013.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE